# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE HAWKINS,<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>FEDERAL NATL. MORTG. ASSN. ("Fannie Mae"), SETERUS, INC., SAFEGUARD PROPERTIES, INC., and JOHN DOE,<br><br>　　　　　　Defendants. | 2:13-cv-6068-WY |

## MEMORANDUM

YOHN, J.                                                                                                          January 26, 2015

Plaintiff Nicole Hawkins brings claims of conversion, trespass, and negligence against defendants Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc., and Safeguard Properties, Inc. She alleges that these defendants illegally entered her home and stole her property while she had temporarily vacated the home because of a flood. The defendants moved for summary judgment on Hawkins's claims, and Hawkins never responded. Because Hawkins has presented no evidence that would satisfy the elements of any of her claims, and such deficiencies are highlighted by the defendants, the defendants are entitled to summary judgment.

**I.     Background**[1]

Around June 2010, Fannie Mae commenced foreclosure proceedings against Hawkins in the Court of Common Pleas of Delaware County. In February 2011, Hawkins vacated her home

---

[1] Given that Hawkins failed to respond to the defendants' motions, I draw these facts from the defendants' motions.

1

because of a flood. When she returned to her home in September 2011, she discovered a lock box had been placed on the home. Shortly thereafter, unidentified persons entered Hawkins's home and removed personal property. Hawkins was not there when it was removed. She did not call the police until ten days after she became aware the items had removed from her house.

On September 11, 2013, Hawkins sued Fannie Mae, Seterus, and Safeguard in the Court of Common Pleas of Delaware County. Fannie Mae, Seterus, and Safeguard removed the case to this court. On November 19, 2013, Hawkins filed an amended complaint asserting six claims against each defendant. After Fannie Mae, Seterus, and Safeguard filed motions to dismiss and Hawkins responded, I dismissed three of those claims, leaving Hawkins's claims of conversion, trespass, and negligence. After a discovery period in which Hawkins conducted no discovery, Fannie Mae, Seterus, and Safeguard filed motions for summary judgment on July 28, 2014, and August 1, 2014. Hawkins failed to respond, despite my notice to her on August 26, 2014, giving her additional time to September 15, 2014, to file a response or risk having summary judgment entered against her. She has still not filed a response.

## II.     Standard of Review

If the nonmoving party fails to respond to a motion for summary judgment, that party does not lose the motion by default. In that case, the district court may "consider the [moving party's] fact[ual assertions] undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3). For the moving party to be entitled to summary judgment where, as here, it does not bear the burden of proof on the relevant issues, "the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter

of law." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In other words, "[t]he moving party is entitled to a judgment as a matter of law" when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 at 323.

### III. Discussion

On her claims of conversion, trespass, and negligence, Hawkins bears the burden of proof. As Fannie Mae, Seterus, and Safeguard have established, though, Hawkins has presented no evidence (beyond her complaint) to satisfy the elements of these claims. *See id.* at 324 ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'").

#### A. Conversion (Count II)

In Pennsylvania, "[c]onversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987). Because Hawkins has not identified the individuals whom she alleges entered her home and took her property, Fannie Mae, Seterus, and Safeguard are not liable for conversion.

#### B. Trespass (Count III)

"Under Pennsylvania law, [trespass] is defined as an unprivileged, intentional intrusion upon land in possession of another." *Boring v. Google Inc.*, 362 F. App'x 273, 280 (3d Cir. 2010) (internal quotation mark omitted). Hawkins has presented no evidence suggesting that

Fannie Mae, Seterus, and Safeguard entered her home and lacked the legal authority to do so. Accordingly, Fannie Mae, Seterus, and Safeguard are not liable for trespass.

### C.     Negligence (Count IV)

"To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). Hawkins has provided no proof that Fannie Mae, Seterus, and Safeguard owed her a duty; that they breached that duty; and that they caused her injuries with such a breach. Fannie Mae, Seterus, and Safeguard are thus not liable for negligence.

## IV.    Conclusion

For the forgoing reasons, I grant summary judgment to Fannie Mae, Seterus, and Safeguard on Hawkins's claims of conversion, trespass, and negligence.

An appropriate order follows.